# EXHIBIT A

# SUMMONS AND COMPLAINT IN STATE COURT ACTION

```
STATE OF SOUTH CAROLINA        )
                               )   IN THE COURT OF COMMON PLEAS
COUNTY OF CHARLESTON           )
                               )
Beechwood Development Group, Inc., )   C/A No. 07-CP-10-1557
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )                 COMPLAINT
Ron Konersman, Franz X. Mier, and )
SkyWaves I Corporation,        )
                               )
            Defendants.        )
_____)
```

FILED 2007 APR 16 AM 11:39 JULIE J. ARMSTRONG CLERK OF COURT

The Plaintiff complaining of the Defendants would show this Court:

## FOR A FIRST CAUSE OF ACTION

1. The Plaintiff is a Delaware corporation with a principal place of business in South Carolina.

2. The Defendant SkyWaves I Corporation is a Delaware corporation with its principle place of business in Charleston County, South Carolina.

3. The Defendant Ron Konersman is an individual and principal of SkyWaves I Corporation. Upon information and belief, Ron Konersman resides in Charleston County.

4. The Defendant Franz X. Mier is an individual residing in Charleston County, South Carolina.

5. In 2004, the parties entered into negotiations pursuant to which Beechwood Group would invest in SkyWaves I Corporation.

6. The Defendant Ron Konersman handled these negotiations and made various representations on his own behalf and on behalf of SkyWaves I Corporation.

1

7. The Defendant Franz X. Mier was an instrumental part of all negotiations and business dealings in this matter.

8. The Defendant Franz X. Mier approached the Plaintiff with offers to buy stock and invest in SkyWaves I.

9. Upon information and belief, Franz X. Mier received stock in SkyWaves I as a result of the sale of securities.

10. Franz X. Mier made affirmative misrepresentations regarding the company and its feasibility.

11. In brokering the sale of securities, Franz X. Mier did not disclose important facts such as the fact that he or companies he owns would be landlords for SkyWaves I.

12. SkyWaves I Corporation is a manufacturer of concrete shelters and other products.

13. Beechwood Development Group is a business advising and investment corporation.

14. Pursuant to the negotiations between the parties, agreements were reached pursuant to which Beechwood would invest in SkyWaves I Corporation.

15. During the negotiations, various oral and written representations were made by SkyWaves I Corporation regarding sales contracts or agreements pending with both Alltel and Cingular wireless corporations. These various representations were false in that these agreements were not in place and were not under negotiation.

16. Pursuant to the negotiations and agreements between the parties, Beechwood paid to SkyWaves I Corporation $120,000. This $120,000 was intended as an investment into SkyWaves I Corporation.

17.     The Defendant Ron Konersman personally negotiated a check made payable to SkyWaves in the amount of $100,000 to his own account.

18.     SkyWaves I Corporation has never issued the stock in exchange for these funds. In addition, SkyWaves I Corporation has refused to refund these funds upon request of the Plaintiff.

19.     In addition, the Plaintiff was to receive board membership in the Defendant SkyWaves which it never received.

20.     The Defendants actions as indicated above amount to a breach of contract in that the Defendants have neither returned the funds nor issued stock in exchange for the funds.

21.     As a result of the Defendants' breach of contract, the Plaintiff has been injured including the loss of money, the loss of use of money, and the loss of investment return.

22.     The Plaintiff seeks an award of this Court awarding it actual damages for its losses as indicated above.

## FOR A SECOND CAUSE OF ACTION

23.     Each and every allegation set forth above is hereby reasserted and realleged as fully as if set forth verbatim.

24.     The Defendants' breach of contract was accompanied by a fraudulent act including but not limited to representations regarding contracts with Alltel and Cingular and various other representations regarding the funds, their use, and investments in the corporation.

25.     As a direct and proximate result of the Defendants' breach of contract accompanied by a fraudulent act, the Plaintiff's is entitled to be paid its actual damages as requested above as well as punitive damages.

## FOR A THIRD CAUSE OF ACTION

26. Each and every allegation set forth above is hereby reasserted and realleged as fully as if set forth verbatim.

27. The Defendants have received $120,000 from the Plaintiff and refuse to repay it.

28. The Defendants must be required to either return the money with interest or issue the stock as required under the principles of money had and received, unjust enrichment, quasi contract, or *quantum meruit*.

## FOR A FOURTH CAUSE OF ACTION

29. Each and every allegation set forth above is hereby reasserted and realleged as fully as if set forth verbatim.

30. By their actions above, the Defendants have converted the Plaintiff's funds to their own use and refuse to return the funds or issue the stock in exchange for the funds.

31. As a direct and proximate result of the Defendants' conversion, the Plaintiff has been injured as alleged above.

32. The Plaintiff is entitled to recover both actual and punitive damages as a result of the Defendants conversion.

## FOR A FIFTH CAUSE OF ACTION

33. Each and every allegation set forth above is hereby reasserted and realleged as fully as if set forth verbatim.

34. The Defendants' representations as alleged above are *false representations made by* the Defendants to the Plaintiff regarding the company and its sales and contracts.

35. The Defendants had a pecuniary interest in making these false representations.

4

36. The Defendants had a duty of care to see that truthful information was communicated to the Plaintiff as a result of the parties' relationship to one another.

37. The Defendants breached their duty of care by making these false representations.

38. The Plaintiff justly relied upon the representations made by the Defendants.

39. The Plaintiff suffered a pecuniary loss as a direct and proximate result of reliance on these representations.

40. The Plaintiff is entitled to recover both actual and punitive damages as a result of the Defendants' negligent misrepresentations.

## FOR A SIXTH CAUSE OF ACTION

41. Each and every allegation set forth above is hereby reasserted and realleged as fully as if set forth verbatim.

42. The Defendants sold and offered to sell securities in violation of South Carolina Code Sections 35-1-1490, 35-1-1500, and 35-1-509.

43. The Defendant Franz X. Mier is liable for these violations as a dealer, agent, director, and seller of securities.

44. The Defendant Ron Konersman is liable for these violations as a director and seller of securities.

45. The sales and offer to sell securities were made by means of untrue statements of material fact and omissions of material fact.

46. The sales and offers to sell securities were made without proper registration of securities, agents or broker dealers, and sales literature.

5

47. As a direct and proximate result of the Defendants actions as alleged above, the Plaintiff has incurred actual damages as previously pled.

48. The Plaintiff is entitled to recover the amounts paid for the securities, interest, costs, reasonable attorneys fees, actual damages, and punitive damages as allowed by statute.

WHEREFORE, the Plaintiff having complained of the Defendants asks that this Court award the relief requested above and such other relief as the Court deems fair and equitable.

                                             MOORE, TAYLOR & THOMAS, P.A.

By: _____
S. Jahue Moore
James Edward Bradley
1700 Sunset Boulevard
P.O. Box 5709
West Columbia, SC 29171
(803) 796-9160
Attorneys for Plaintiff

West Columbia, South Carolina

April 13, 2007

| STATE OF SOUTH CAROLINA | ) | |
|---|---|---|
| COUNTY OF CHARLESTON | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| Beechwood Development Group, Inc., | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 07 -CP- 10 - 1557 |
| vs. | ) | |
| Ron Konersman, Franz X. Mier, and | ) | |
| SkyWaves I Corporation, | ) | |
| Defendant(s) | ) | |

(Please Print)
Submitted By: James Edward Bradley
Address: 1700 Sunset Boulevard
Post Office Box 5709
West Columbia, SC 29171

SC Bar #: 66130
Telephone #: 803-796-9160
Fax #: 803-791-8410
Other:
E-mail: ward@mttlaw.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☑ **JURY TRIAL** demanded in complaint.        ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☑ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
☑ Breach of Contract (140)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
☐ Notice/Med Mal (230)
☐ Other (299)

**Torts – Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Sexual Predator (510)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Penden (750)
☐ Other (799)

**Administrative Law/Relief**
☐ Reinstate Driver's License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture (840)
☐ Other (899)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Administrative Law Judge (980)
☐ Public Service Commission (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of-State Depositions (650)

Submitting Party Signature: _____  Date: April 13, 2007

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (8/06)

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | |
| ) | C/A No. 07-CP-10-1557 |
| Beechwood Development Group, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | SUMMONS |
| ) | |
| Ron Konersman, Franz X. Mier, and ) | |
| SkyWaves I Corporation, ) | |
| ) | |
| Defendants. ) | |

[Filed stamp: 2007 APR 16 AM 11:39, JULIE J. ARMSTRONG, CLERK OF COURT]

TO:   DEFENDANTS ABOVE NAMED:



YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this matter, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office located at 1700 Sunset Boulevard, Post Office Box 5709, West Columbia, South Carolina, 29171, within THIRTY (30) days from the service thereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

MOORE, TAYLOR & THOMAS, P.A.

By: _____
S. Jahue Moore
James Edward Bradley
1700 Sunset Boulevard
P.O. Box 5709
West Columbia, SC 29171
(803) 796-9160
Attorneys for Plaintiff

West Columbia, South Carolina

April 13, 2007